DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ELIZABETH DEELEY, State Bar #230798
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3982
Facsimile:     (415) 554-3837

Attorneys for Defendants
JASON FOX, IAN FURMINGER, SIMON CHAN
AND CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANDREW MARCONI, | Case No. C05-1978 CW |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL OFFICIAL INFORMATION** |
| vs. | |
| SERGEANT JASON FOX, OFFICER IAN FURMINGER, OFFICER SIMON CHAN, ALL OFFICERS INDIVIDUAL AND IN THEIR CAPACITY AS POLICE OFFICERS FOR THE CITY AND COUNTY OF SAN FRANCISCO, AND THE CITY AND COUNTY OF SAN FRANCISCO, A MUNICIPAL CORPORATION, AND DOES 1 - 50, | Date Action Filed:   April 18, 2005<br>Trial Date:          February 12, 2007 |
| Defendants. | |

Plaintiff Andrew Marconi has requested Defendants make available for inspection and copying certain documents that Defendants assert are confidential, private, privileged and protected from public disclosure under California and federal law.

During this action, with respect to any information, documents, or things obtained by any Party to this action in response to any discovery where such items are asserted to contain or comprise confidential information, including information protected by the right to privacy or other applicable privileges and protections, the following procedures shall be employed and the following restrictions shall govern:

[PROPOSED] STIPULATED PROTECTIVE ORDER
Marconi v. CCSF, et al. – USDC No. C05-1978 CW
1
C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\order.doc

1. PURPOSE

It is the purpose of this Protective Order to allow the Parties to have reasonable access to information from all other Parties while protecting the confidential and/or private status of that information without frequent resort to determinations of discoverability by the Court.

2. DEFINITIONS

    2.1    Party.  "Party" means any of the parties in these actions.

    2.2    Discovery Material.   "Discovery Material" means any information, document, or tangible thing upon which any expression, communication or representation has been recorded by any means, or response to any discovery request, including by way of example document requests, interrogatories, requests for admissions, notices of deposition, requests to inspect, and any other similar materials, or portions thereof.

    2.3    Confidential.  "Confidential" information is defined herein as information which has not been made public, the disclosure of which the disclosing party contends could violate the privacy rights and/or confidentiality concerns of the disclosing party including, but not limited to, personal financial information and employment or personnel information.

    2.4    Confidential – Attorneys' Eyes Only.  "Confidential – Attorneys' Eyes Only" information is defined herein as "Confidential" information which a disclosing party has reasonable grounds to believe would, if known to persons other than the Parties counsel, counsel's staff or experts or consultants retained by the Parties' Counsel to assist in the evaluation, preparation, or trial of this case, lead to a significant possibility of violation of the privacy rights and/or confidentiality concerns of the disclosing party including, but not limited to, personal financial information and employment or personnel information.

    2.5    Protected Material.   Protected Material is defined herein as any discovery material that has been marked "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order.

    2.6    The parties agree that for the purposes of this order that the following documents are privileged:

[PROPOSED] STIPULATED PROTECTIVE ORDER
Marconi v. CCSF, et al. – USDC No. C05-1978 CW
2
C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\order.doc

- Office of Citizen Complaint records, including complaints and witness lists

- Personnel records for any officer of the San Francisco Police Department, including those of Jason Fox, Ian Furminger and Simon Chan

3. DESIGNATION OF PROTECTED MATERIAL

3.1 Designation in General. A producing Party, at the time of producing Discovery Material, may designate any Discovery Material with a marking indicating that the material is "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate.

3.2 De-Classification of Protected Material. If, at any time during the pendency or trial of this action, counsel for the receiving Party claims that counsel for the producing Party has unreasonably classified Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only," counsel for the receiving Party may serve a written objection on the opposing Party, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a designation for each item. If the producing Party does not redesignate the protected material within ten days (or some other period agreed-upon in writing by the Parties), the receiving Party may file and serve a motion for an order that the protected material be redesignated.

4. LIMITATION ON SCOPE OF PROTECTIVE ORDER

Nothing in this Protective Order shall prevent disclosure of protected material beyond the terms of this Protective Order if:

(1) The producing Party waives, in writing or by stipulation on the record, the claim of confidentiality of such protected material; or

(2) The receiving Party, by consultation with the producing Party or by appropriate motion, establishes to the satisfaction of the Court that such protected material is already rightfully in its possession or was otherwise rightfully acquired by or on behalf of the receiving Party; or

(3) The receiving Party, by appropriate motion, establishes to the satisfaction of the court that such Protected material was or has become public knowledge, other than by any

[PROPOSED] STIPULATED PROTECTIVE ORDER
Marconi v. CCSF, et al. – USDC No. C05-1978 CW
3
C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\order.doc

act or omission of Receiving Party, its Counsel, or any Independent Expert retained on behalf of the Receiving Party; or

   (4) A court order otherwise releases such Protected Material from the restrictions of this Protective Order;

 5. USE OF PROTECTED MATERIAL

  5.1 <u>General.</u> All Protected Material produced under this Protective Order is to be used solely for purpose of this action and for no other purpose.  Persons having access to Protected Material shall not disclose or provide Protected Material to any person not authorized under this Protective order.  No Protected material may be made available to, or in any manner revealed to, or discussed with any other person or entity (including the Receiving Party), except:  (1) solely in accordance with the procedures set forth in this Protective Order, or (2) upon the express written permission of Counsel for the Producing Party.

  5.2 <u>Advice of Counsel.</u> Nothing under this Protective Order shall bar or otherwise restrict Counsel from rendering advice to a party with respect to this action, and in the course thereof, relying in a general way upon examination of any Protected Material.  however, in rendering such advice and in otherwise communicating with a Party, such Counsel shall not disclose the contents of any Protected Material contrary to the terms or intent of this Protective Order.  In addition, nothing in this Protective Order shall prevent any witness from testifying in the form of an opinion or otherwise in accordance with Federal Rules of Evidence §§ 702-05.

  5.3 <u>Use of Confidential – Attorneys' Eyes Only.</u> Confidential – Attorneys' Eyes Only information may be exhibited and/or disclosed only to the following categories of person and no other unless authorized by order of the Court:

  a. Party's Counsel and Counsel's staff;

  b. Experts or consultants retained by Party's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert or consultant is permitted to review the "Confidential – Attorneys' Eyes Only" material, such individual must agree to comply with the terms of this Protective Order by executing the document attached as

[PROPOSED] STIPULATED PROTECTIVE ORDER
Marconi v. CCSF, et al. – USDC No. C05-1978 CW
4
C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\order.doc

Exhibit A.  The Receiving Party's counsel shall serve upon the Producing Party's counsel any Agreement to Comply with the terms of the Order upon its execution.  Experts, investigators, and consultants shall not have any power to authorize further disclosure of "Confidential – Attorneys' Eyes Only" to any other person.

        5.4    <u>Use at Trial.</u>   Subject to other evidentiary objections, information designated under this Protective Order may be offered into evidence at trial or in any other court hearing, provided that the proponent of the evidence gives five days' notice to counsel for any party or person that designated the information as confidential.  Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such evidence.

      6.    <u>HANDLING OF PROTECTED MATERIAL</u>.

        6.1    <u>Exclusion of Unauthorized Persons</u>.     If any Protected Material is summarized, discussed or otherwise used at any deposition, hearing, or the trial of this action, all persons (other than those entitled to receive the protected material in accordance with this protected Order, Court personnel, a reporter, and the deponent or witness) shall be excluded from attendance at the deposition, hearing, or trial of this action during such time as the protected material is being so disclosed, unless the Parties otherwise agree or the Court otherwise orders.

        6.2    <u>Protected Materials Filed With Court</u>. Any briefs, transcripts, exhibits, depositions, or documents which are filed or lodged with the Court which comprise, embody, summarize, discuss, or quote from Protected Material shall be lodged and/or filed consistent with the procedures outlined in Local Rule 79-5, unless the Court otherwise orders.  Where reasonably practical, only the portions of documents consisting of Protected material shall be lodged under seal. Such Protected Material shall be filed or lodged in sealed envelopes or other appropriate sealed containers.

[PROPOSED] STIPULATED PROTECTIVE ORDER
Marconi v. CCSF, et al. – USDC No. C05-1978 CW
5
C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\order.doc

6.3     Deposition Transcripts.     When Protected Material is incorporated in a deposition transcript via testimony or documents, arrangements shall be made with the reporter to bind separately the portion of the deposition transcript and documents designated as Protected Material, and to mark it with the legend described in paragraph 9.2.

6.4     Termination of Participation in Action.     Once participation in this action by any person obtaining Protected Material has been terminated or otherwise concluded, all Protected Material in the possession of such person shall be returned by such person within 30 days to the Counsel from whom he or she obtained such Protected Material.

6.5     Final Disposition.     Upon final disposition of this action, all Protected Material provided to a Receiving Party, including any copies, shall be returned to the Producing Party's Counsel.  Counsel shall certify in writing that all Protected Material has been returned in accordance with this provision.

7.     COURT PROCEDURES.

    7.1     The Parties agree that persons employed by the United States District court have no duty to the parties to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

    7.2     Any court hearing which refers to or describes "Confidential – Attorneys' Eyes Only" or "Confidential Information" shall in the Court's discretion be in camera.  A party must request such an in camera hearing.

8.     AMENDMENT.     This Protective Order may be amended by agreement of Counsel for the Parties in the form of a written stipulation filed with the Court and subject to the Court's approval.

9.     RIGHT TO FURTHER RELIEF.     This Protective Order is without prejudice to the rights of any Party to apply to this Court for relief from any of its provisions or to seek or agree to different or additional protection for any particular Discovery Material.

10.     RIGHT TO ASSERT OTHER OBJECTIONS.     This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for

[PROPOSED] STIPULATED PROTECTIVE ORDER
Marconi v. CCSF, et al. – USDC No. C05-1978 CW
6
C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\order.doc

not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement by the Parties or by the Court.

11. This Protective Order shall be effective immediately. The Court shall retain jurisdiction to enforce or modify this Protective Order after termination of this action.

Dated:  July 10, 2006

>DENNIS J. HERRERA
>City Attorney
>JOANNE HOEPER
>Chief Trial Deputy
>ELIZABETH DEELEY
>Deputy City Attorney
>
>By:  /s/
>ELIZABETH DEELEY
>Attorneys for Defendants
>JASON FOX, IAN FURMINGER, SIMON CHAN
>AND CITY AND COUNTY OF SAN
>FRANCISCO

Dated:  July 10, 2006

>DYLAN SULLIVAN
>LISA G. SCHLITTNER
>
>By:  /s/
>DYLAN SULLIVAN
>
>Attorney for Plaintiff
>ANDREW MARCONI

IT IS HEREBY ORDERED

>/s/ CLAUDIA WILKEN

DATED:  July 17, 2006

>HON. CLAUDIA WILKEN
>United States District Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
Marconi v. CCSF, et al. – USDC No. C05-1978 CW

7

C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\order.doc

# EXHIBIT A

*Andrew Marconi v. Jason Fox, et al.* Case No. c05-1978 CW, et al., United States District Court, Northern District of California

# AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

I, _____, have read and understand the Court's Protective Order for Confidential – Attorneys' Eyes Only Information. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the Confidential – Attorneys' Eyes Only Information to any other person.

2. I understand that I have no power to authorize any other person to review the Confidential – Attorneys' Eyes Only Information.

3. I agree not to make copies of the Confidential – Attorneys' Eyes Only Information.

4. I agree to return the Confidential – Attorneys' Eyes Only Information to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then the Receiving Party, the Receiving Party's Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

_____                    _____
DATE                              SIGNATURE


                                  _____
                                  PRINT NAME